Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

\_\_\_\_\_NORTHERN\_\_\_\_\_ Division

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 28 2020
ARTHUR JOHNSTON
BY _____ DEPUTY

Latoya F. Bowen
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Tremaine L. Keys, et al (see attached)
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 3:20-cv-296-DPJ-FKB
(to be filled in by the Clerk's Office)

Jury Trial: (check one) [✓] Yes [ ] No

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Latoya F. Bowen
   Street Address: C/o 118 Daniel Bowen Road
   City and County: Mendenhall, Simpson
   State and Zip Code: Mississippi Republic [39114]
   Telephone Number: 601-382-9156
   E-mail Address: mai2jay0515@gmail.com

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
- Name: Tremaine L. Keys
- Job or Title (if known): LPN
- Street Address: 42 Audrey Keys Drive
- City and County: Collins, Covington
- State and Zip Code: Mississippi, 39428
- Telephone Number: 601-921-1772
- E-mail Address (if known):

Defendant No. 2
- Name: Corey D. Gibson
- Job or Title (if known): Esquire
- Street Address: 210 Main Street
- City and County: Collins
- State and Zip Code: Mississippi, 39428
- Telephone Number: 601-765-0741
- E-mail Address (if known): coreyg1000@aol.com

Defendant No. 3
- Name: Simpson County Chancery Court
- Job or Title (if known):
- Street Address: 111 E Pine Avenue
- City and County: Mendenhall, Simpson
- State and Zip Code: Mississippi, 39114
- Telephone Number: 601-847-2626
- E-mail Address (if known):

Defendant No. 4
- Name: Simpson County CPS/DHS
- Job or Title (if known):
- Street Address: 109 E Pine Avenue
- City and County: Mendenhall, Simpson
- State and Zip Code: Mississippi, 39114
- Telephone Number: 601-847-3815
- E-mail Address (if known):

Defendant No 5: David Shoemake
Chancellor for District 13, Post One
405 Main Street
Collins, Covington
Mississippi 39428
601-765-8282, 601-765-8284

Defendant No. 6. Simpson County Sheriff Department
1496 MS-149
Mendenhall, Simpson
Mississippi, 39114
601-847-2921

Defendant No 7. Simpson County Youth Court
150 W Court Avenue #5
Mendenhall, Simpson
Mississippi, 39114
601-847-4761

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. section 1983, The United States Constitution *see attachment*

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, (name) Latoya F. Bowen, is a citizen of the State of (name) Mississippi.

   b. If the plaintiff is a corporation
      The plaintiff, (name) _____, is incorporated under the laws of the State of (name) _____, and has its principal place of business in the State of (name) _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, (name) Tremaine L. Keys, is a citizen of the State of (name) Mississippi. Or is a citizen of (foreign nation) _____.

A. Attachment Amendment(s) I, IV, XIV section 1., U.S.C. 18 section 241, U.S.C. 18 section 242, U.S.C. 42 section 1985, U.S.C. 42 section 1986, 15 U.S.C., 41 U.S.C. section 6503, 41 U.S.C. 7101-7109

for page 3 of 5

Attachment

B. Defendant #2 Corey D. Gibson, is a citizen in the state of Mississippi

Defendant #3 Simpson County Chancery Court, is incorporated under the laws of the state of Mississippi, and has its principal place of business in the state of Mississippi.

Defendant #4 Simpson County Child Protective Services/ Department of Human Service, is incorporated under the laws of the state of Mississippi, and has its principal place of business in the state of Mississippi.

Defendant #5 David Shoemake, is a citizen in the state of Mississippi

Defendant #6 Simpson County Sheriff Department, is incorporated under the laws of the state of Mississippi, and has its principal place of business in the state of Mississippi.

Defendant #7 Simpson County Youth Court is incorporated under the laws of the state of Mississippi, and has it's principal place of business in the state of Mississippi.

For page 4 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

  b. If the defendant is a corporation

   The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

  *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

 3. The Amount in Controversy $5,000,000

  The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*: 42 U.S.C. section 1983, 15 U.S.C. section 78cc.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

① On or around July 28, 2017, Simpson County CPS/DHS filed a report against Latoya F. Bowen after a call was made by Tremaine L. Keys. The claims against Latoya F. Bowen were abuse and neglect. Latoya F. Bowen complied with CPS, completing a 5 week parenting class.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Latoya F. Bowen requests that all judgments ruled against her in case number: 64CH1:17-cv-00256-DS, be overturned. "Where a Court failed to observe safeguards, it amounts to denial of due process of law, Court is deprived of juris." [Merritt v. Hunter C.A. Kansas 170 F2D 739]

receiving certification upon completion, Latoya F. Bowen, willingly paid for a counseling session for herself at her church at the time, Church Alive in Magee, Mississippi. CPS/DHS stated that the claims made against Latoya F. Bowen were not enough to remove the minor (now 14) from the custody of Latoya F. Bowen (as Latoya F. Bowen has on recording devices). On or around August 5, 2017, another call was made to Simpson County CPS/DHS against Latoya F. Bowen, and Latoya F. Bowen received the same case worker on both calls, Ernestine Young (who was also a member of Tremaine L. Keys' Church). There was a shelter hearing removing the minor, Tremaiya Bowen, from the Plaintiff, Latoya F. Bowen, that was only suppose to be in place 5 (five) days according to CPS/DHS supervisor, Desmond Griffith. On the second call to CPS/DHS,

**III. Statement of Claim**

allegations of sexual assault from the nephew of Latoya F. Bowen, who is 3 years older than the minor, (Latoya F. Bowen had no knowledge of any allegations and only heard of them when CPS/DHS made their report) and the minor, were reported. The minor was examined by a medical doctor and the results were unsubstantiated. Once again, Latoya F. Bowen has a recorded conversation between her and the CPS/DHS supervisor Desmond Griffith stating that he was going to recommend the minor to return to Latoya F. Bowen, and that Latoya F. Bowen did not admit to or acknowledge in anyway that she was aware of any sexual abuse and or rape from her nephew. The defendant, Tremaine L. Keys, made claims to CPS/DHS that the nephew of Latoya F. Bowen lived with her which is not

true. On September 12, 2017, a Youth Court hearing was held in Simpson County under Judge Sykes. The CPS/DHS workers and supervisors were all present. Desmond Griffith and Ernestine Young were present on behalf of the minor, both stating that the results of the rape allegations were unsubstantiated and inconclusive. Ernestine Young suggested that the shelter in place order remain with Tremaine L. Keys since his attorney Corey D. Gibson had already filed a petition for custody on August 15, 2017 (before the youth court case was dismissed) with the Simpson County Chancery court. Corey D. Gibson was not present at the hearing and had not been granted permission to view the records until October 16, 2017.

2) On August 15, 2017, Corey D. Gibson filed a petition for custody on behalf of Tremaine L. Keys with the Simpson County Chancery court before the youth court case filed against Latoya F. Bowen was dismissed. Corey D. Gibson stated that the plaintiff had been served but on the summons page in every petition Corey D. Gibson has filed is blank, has not been signed, dated, or notarized, and there is no selection (if Plaintiff received or refused) on the return sheet. Latoya F. Bowen had not been properly served as Corey D. Gibson proclaimed. On October 16, 2017, a hearing for custody was scheduled in Smith County Mississippi under Judge David Shoemake. Corey D. Gibson stated that the plaintiff admitted to having

knowledge of sexual assualt but did not report it; Corey D. Gibson stated that the plaintiff admitted to this on September 12, 2017, in the youth court hearing. Corey D. Gibson wasn't present. David Shoemake appointed GAL, April Taylor Bryant in the case because of the sexual allegations made by the Defendants Tremaine L. Keys and his attorney, Corey D. Gibson. The sexual allegations should have been thrown out because CPS/DHS of Simpson County had dismissed the case, and stated the accusations were unsubstantiated (they never happened). Both the plaintiff and defendant Tremaine L. Keys had to pay $600.00 USD (six hundred and no/100 United States dollars) a piece for GAL fee. On or around December 15, 2017, the GAL stated in the Chancery Court of Jefferson Davis County Mississippi that Latoya F. Bowen could be allowed visitation with the minor, Tremaiya Bowen. The plaintiff had not seen her daughter since September 12, 2017.

⑧ On February 12, 2018 an order was entered by the Simpson County Chancery Clerk, for temperory custody signed by David Shoemake on January 22, 2018.

4. On February 11, 2020, a contempt of Court hearing was held in the Chancery Court of Covington County, Mississippi. Latoya F. Bowen, appointed David Shoemake as trustee. The plaintiff, Latoya F. Bowen, mailed David Shoemake some documents via registered mail number: RE 296 260 654 US. Included in those documents were: a private Contract entitled Opportunity to Cure, and a private registered bond for set off, non-negotiable made out to David Shoemake, DBA, authorized by Latoya F. Bowen in the amount of $100,000 USD (one hundred thousand united states dollars). The remainder of the bond was to be sent to Latoya F. Bowen. David Shoemake had 10 days to respond. He did not respond, return the bond, or the remaining amount after covering Court costs and fees associated with the Plaintiff's case.

5. On March 13, 2020, the minor child was with the Plaintiff for spring break, the minor child wrote a statement stating she wanted to live with her mother, Latoya F. Bowen. Both the Plaintiff and her daughter, Tremaiya Bowen are both natural persons, with a living soul. The minor stated that being away from the plaintiff is stressing her out. On March

18, 2020, the plaintiff took some documents/contract to the Sheriff of Simpson County, Paul Mullins. Paul Mullins called the Chancery judge and was instructed to tell the plaintiff that if the minor's father came back to pick up the minor, to call the Sheriff (plaintiff has an audio recording of that).

16) On April 13, 2020, a writ of habeas corpus was signed by David Shoemake, on behalf of defendant Tremaine L. Keys, that was prepared by Corey D. Gibson. On the writ, Corey D. Gibson alleged that the minor was in danger with the plaintiff due to the documents the plaintiff filed in court. David Shoemake signed an order for the Simpson County Sheriff's Department to locate the plaintiff and remove the minor from the care of her mother, Latoya F. Bowen. The order also stated for the minor to be returned to the defendant, Tremaine L. Keys.

⑦ The plaintiff did not consent to her daughter being kidnapped and taken against her will, to the defendant, Tremaine L. Keys, on April 13, 2020 and has not had any physical contact with the minor since.

IV. Relief

Latoya F. Bowen requests that the court(s) return grant full legal, sole, and physical custody of minor child, Tremaiya Bowen, back to her. Latoya F. Bowen request that the courts order counseling for herself, the minor child, and Tremaine L. Keys so that all 3 may begin to heal so they can move forward. Latoya F. Bowen does not request for the courts to order Tremaine L. Keys to pay child support to the plaintiff for minor child. Latoya F. Bowen requests that the courts would order Tremaine L. Keys visitation with the minor child, alternating holidays and summer break. Latoya F. Bowen requests that the court(s) would award her $5,000,000.00 (five million and no/100 United States dollars) USD in punitive damages, pain and suffering, as well as other court costs and damages associated with case. "All laws, rules, and practices which are repugnant to the Constitution are null and void." [Marbury v. Madison, 5th US (2 Cranch) 137, 174, 176, (1803)] "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well-established law that a void order can be challenged in any court" [Old Wayne Mut., L. Assoc. v. McDonough, 204 U.S. 8 27. S.Ct. 236 (1907)].

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: April 28, 2020

Signature of Plaintiff: :Latoya-Ameika:Bowen, all rights reserved and retained

Printed Name of Plaintiff: Latoya Fameika Bowen, all rights reserved and retained

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____