UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATOYA F. BOWEN                                                                                   PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:20-CV-296-DPJ-FKB

TREMAINE L. KEYS, ET AL.                                                              DEFENDANTS

ORDER

This case arising out of pro se Plaintiff Latoya F. Bowen's child-custody dispute with Defendant Tremaine L. Keys, the father of her minor daughter, is before the Court on five motions.  Defendants Simpson County Sheriff Department [30] and Simpson County Youth Court [44] both filed motions for judgment on the pleadings.  Defendants Keys [37] and Corey D. Gibson [36] moved to dismiss.  And Bowen filed a Motion to Recuse and Reprimand/Motion for an Order to Retrieve [32].  For the reasons that follow, Defendants' motions are granted, and Bowen's motion is denied.

I.       Facts and Procedural History

As noted in the Court's previous Order [35], the facts set forth in the Complaint are a little hard to follow.  According to Bowen, the dispute started in 2017 when Keys told Simpson County Child Protective Services (CPS) that she was neglecting and abusing their minor daughter.  Those claims were resolved after Bowen completed a five-week parenting class, with CPS apparently concluding "that the claims made against Bowen were not enough to remove the minor from [her] custody."  Compl. [1] at 8.

CPS received a second call about Bowen in August 2017.  That report included allegations that Bowen's teenaged nephew sexually assaulted her daughter.  Following a shelter hearing, the minor was temporarily removed from Bowen's custody.  But before a follow-up

hearing could be held in Simpson County Youth Court, Keys "filed a petition for custody . . . with the Simpson County Chancery Court." *Id.* Defendant Gibson represented Keys in that proceeding. One month later, the youth-court hearing occurred, and CPS personnel allegedly stated "that the results of the rape allegations were unsubstantiated and inconclusive," but "suggested that the shelter in place order remain with . . . Keys since his attorney . . . Gibson had already filed a petition for custody." *Id.* at 9.

In October 2017, a custody hearing was held in chancery court, and the chancellor appointed a guardian ad litem. In December 2017, the guardian ad litem "stated . . . that . . . Bowen could be allowed visitation with the minor," whom she "had not seen . . . since September 12, 2017." *Id.* at 10. In February 2018, the Simpson County Chancery Court entered an order of temporary custody in Keys's favor.

Bowen's next allegations jump ahead two years. On February 11, 2020, "a contempt of court hearing was held in the Chancery Court of Covington County, Mississippi." *Id.* at 11. Next, on March 13, 2020, Bowen obtained a written statement from her daughter stating that "she wanted to live with her mother." *Id.* The following week, Bowen "took some documents/contract to the Sheriff of Simpson County." *Id.* at 12. The sheriff "called the chancery judge and was instructed to tell the plaintiff that if the minor's father came back to pick up the minor, to call the sheriff." *Id.*

Apparently, "the documents [Bowen] filed in court" led Gibson, Keys's attorney, to prepare and present to the chancellor "a writ of habeas corpus" that ultimately resulted in the entry of "an order for the Simpson County Sheriff's Department to locate [Bowen] and remove the minor from the care of her mother [and] return[ her] to the defendant, Tremaine L. Keys."

*Id.* Bowen describes the April 13, 2020 removal of her daughter, which followed, as a kidnapping. *Id.* at 13.

Bowen filed this lawsuit against Keys, Bowen, and a handful of Simpson County entities, on April 28, 2020. In addition to $5,000,000 in "punitive damages[ and] pain and suffering," Bowen "requests that the court(s) return/grant full legal, sole, and physical custody of [the] minor child . . . back to her." *Id.* at 14. She also "request[s] that the court[] order counseling for herself, the minor child and . . . Keys so that all 3 may begin to heal so they can move forward." *Id.*

Following the Court's ruling on an initial round of dispositive motions, the claims that remain include Bowen's claims under 42 U.S.C. §§ 1983, 1985, and 1986 against Gibson, Keys, the Simpson County Sheriff Department, and the Simpson County Youth Court, as well as claims against the Sheriff Department and Youth Court under the following statutes: an unspecified section of Title 15 of the United States Code; 18 U.S.C. §§ 241 and 242; and 41 U.S.C. §§ 6503 and 7101 through 7109. All remaining Defendants seek dismissal of all remaining claims.

II.     Standard

Defendants' motions are filed under Federal Rules of Civil Procedure 12(b)(6) and 12(c), both of which are governed by the same standards. *Great Plains Trust Co. v. Morgan Stanely Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). When considering a motion under Rule 12(b)(6) or Rule 12(c), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).

III.    Analysis

    A.    Simpson County Sheriff Department

The Simpson County Sheriff Department makes a number of arguments in support of dismissal, but its first is dispositive:  it "is not a separate legal entity which may be sued." *Harris v. Jackson Cnty.*, No. 1:14-CV-435-LG-RHW, 2015 WL 1427412, at *1 (S.D. Miss. Mar. 27, 2015) (citing *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006)); *accord Cooley v. Forrest Cnty. Sheriff's Dep't*, No. 2:20-CV-5-KS-MTP, 2020 WL 5119054, at *2 (S.D. Miss. Aug. 31, 2020).  Bowen did not respond to this argument, which is legally sound.  All claims against the Simpson County Sheriff Department are dismissed.

    B.    Simpson County Youth Court

The Simpson County Youth Court makes a similar argument, asserting that it is not a separate legal entity subject to suit but a division of the Simpson County Chancery Court.  *See* Miss. Code Ann. § 43-21-107(2) ("A youth court division is hereby created as a division of the chancery court of each county in which no county court is maintained . . . ."); *In re D.L.D.*, 606 So. 2d 1125, 1127–28 (Miss. 1992) (describing youth court "as a division of the Chancery

Court" and "a 'subsidiary' of the Chancery Court").[1]  Because the Court has already dismissed the claims against the Simpson County Chancery Court, the Simpson County Youth Court asserts that the dismissal is res judicata as to the claims against it.  *See Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (outlining test for application of res judicata). Bowen did not address this argument, which appears correct.  The claims against the Simpson County Youth Court are due to be dismissed under the doctrine of res judicata.

    C.    Gibson and Keys

Gibson and Keys seek dismissal on the remaining claims against them, which are asserted under 42 U.S.C. §§ 1983, 1985, and 1986.  Starting with § 1983, Gibson and Keys argue that Bowen alleges neither that they acted under color of state law nor that they "conspired with or acted in concert with state actors." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). Bowen responds that Gibson—an attorney in private practice—"has an oath of office that has been accepted by the plaintiff" and can therefore "be charged under" § 1983.  Pl.'s Resp. [39] at 2.  "But the Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).  Gibson and Keys are correct that Bowen has not plausibly alleged that they acted under color of state law.  Her § 1983 claims against them therefore fail.

Turning to § 1985, its relevant subsections proscribe conspiracies motivated by racial or other discriminatory animus.  *See* Order [35] at 8 (discussing elements of claims under § 1983(2) and (3)).  Gibson and Keys assert that Bowen fails to allege "that a conspiracy occurred," that

---

[1] Simpson County does not have a County Court. *See* County Court, https://courts.ms.gov/trialcourts/countycourt/countycourt.php (last visited November 2, 2020).

either of them "participated in a conspiracy," or that any such activity was motivated by "racial animus." Gibson Mot. [36] at 5. Bowen does not directly address these points, and Gibson's and Keys's description of Bowen's complaint is accurate. She fails to state a § 1985 claim against Gibson or Keys.

Finally, "[s]ection 1986 penalizes those with knowledge of and the power to prevent § 1985 conspiracies who fail to do so. *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010). Gibson's and Keys's argument that Bowen does not allege the existence of a conspiracy is equally dispositive of this claim. All remaining claims against Gibson and Keys are therefore dismissed.

### D. Bowen's Recusal Motion

Bowen's pending motion "demands" a number of things: (1) "that David Shoemake is recused from cause number 2017-0256" and "reprimanded for being in dishonor," (2) "that Corey Daniel Gibson is recused from this case as well as cause number 2017-0256" and "reprimanded for his actions," (3) "that Tremaine L. Keys is detained immediately for his sworn declaration that he later DENIED making the allegations when he is indeed the one who declared them on public record," and (4) that Judge Ball "produce an order for [Bowen] to retrieve her [daughter] **IMMEDIATELY**." Mot. [32] at 2, 3. Bowen provides no support for an argument that the Court has the authority to fulfill any of these demands. And the Court has now dismissed all Bowen's claims against all Defendants. So her motion is denied.

## IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, the Motions for Judgment on the Pleadings filed by Simpson County Sheriff Department [30] and Simpson County Chancery Court [44] are granted;

the Motions to Dismiss filed by Corey D. Gibson [36] and Tremaine L. Keys [47] are granted; and Latoya F. Bowen's Motion to Recuse and Reprimand/Motion for an Order to Retrieve [32] is denied.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 10th day of November, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE